UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANDREW MANCILLA, | Case No. 1:14-cv-00935-GSA (HC) |
|---|---|
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | ORDER GRANTING PETITIONER LEAVE TO AMEND PETITION TO NAME A PROPER RESPONDENT (Doc. 11) |
| W.L. MUNIZ, | |
| Respondent. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 9) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On June 20, 2014, Petitioner filed a second motion for appointment of counsel. On June 23, 2014, the Court denied Petitioner's first motion for appointment of counsel.

On August 8, 2014, the Court issued an order to show cause directing Petitioner to submit a signed declaration, and an order granting Petitioner leave to amend his petition to name a proper Respondent.

On September 5, 2014, Petitioner filed a motion to amend the petition to name a proper respondent and request relief.  Petitioner stated that the Warden's name is W.L. Muniz. He also stated that he submitted the instant petition to the Court, and he signed the motion to amend under penalty of perjury. Petitioner's only statement regarding exhaustion was, "[m]y appealing attorney told me that the State affirmed my case."

I.      Respondent

A petitioner seeking habeas relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982. F.2d 378, 279 (9th Cir.1992).  Petitioner seeks to amend his petition to name the Warden of Salinas Valley State Prison, W.L. Muniz, as the Respondent. Therefore, Petitioner's request is proper.

II.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

It does not appear that Petitioner has sought review for his claims in the California Supreme Court. In his petition, Petitioner included a copy of the Court of Appeal of the State of California Firth Appellate District's opinion for the appeal from the judgment. Petitioner also included a copy of a document that is titled "Appellant's Petition for Review," which was signed by Petitioner's previous attorney. The petition stated that he appealed to the highest state court having jurisdiction over the action, but it also stated that the claims he now raises were not presented in any appeals or in any post-conviction proceedings. In Petitioner's motion to amend, he stated that, "[m]y appealing attorney told me that the State affirmed my case." Therefore, it is unclear to the Court whether Petitioner has presented his claims to the California Supreme Court. If Petitioner has not sought relief for his claims in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Thus, Petitioner must inform the Court whether his claims have been presented to the California Supreme Court, and if

possible, provide the Court with a docket number, copy of the petition filed in the California Supreme Court, and a copy of any ruling made by the California Supreme Court.

III.     Appointment of Counsel

On June 20, 2014, Petitioner filed a second motion for appointment of counsel. On June 23, 2014, this Court denied Petitioner's first motion for appointment of counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for failure to exhaust state remedies;

2) Petitioner's motion to amend the petition to name W.L. Muniz as Respondent in this matter is GRANTED. The Clerk of Court is DIRECTED to change the name of Respondent to W.L. Muniz; and

3) Petitioner's request for appointment of counsel is DENIED.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits).

IT IS SO ORDERED.

Dated:   **September 24, 2014**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE