UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MANCILLA, <br><br> Petitioner, <br><br> v. <br><br> W.L. MUNIZ, <br><br> Respondent. | Case No. 1:14-cv-00935-AWI-GSA (HC) <br><br> FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his 2010 conviction sustained in the Kings County Superior Court for two counts of attempted murder (counts 1&2), three counts of assault with a deadly weapon (counts 3, 4, and 5), one count of burglary (count 6), three counts of felony vandalism (counts 7, 8, and 9), and one count of active participation in a criminal street gang (count 10). (LD[1] 4 at 2). The jury found true special allegations that Petitioner personally inflicted great bodily injury during the commission of counts 1, 2, 4, 5, 6, and 10, and that counts 1 through 9 were committed for the benefit of a criminal street gang. (LD 4 at 2). The jury found true two prior strike allegations. (LD 4 at 2). Petitioner was sentenced to a term of 194 years to life for that conviction, and he was also sentenced to three years and eight months in a prior case, case no.

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

1

09CM7180.  (LD 4 at 3).

Petitioner appealed his decision to the California Court of Appeal Fifth Appellate District.  (LD 1).  On January 9, 2013, the Fifth Appellate District affirmed the judgment, but modified the sentence for count 2 of case no. 09CM7180.  (LD 4 at 3, 23-25).

On February 19, 2013, Petitioner filed a petition for review in the California Supreme Court which raised five claims: 1) The number of vandalism violations under Section 594(a) is subject to People v Bailey, 55 Cal.2d 514 (1961) (the Bailey doctrine), and the jury should have been instructed on that rule to determine the correct number of violations; 2) California juries should be instructed on the Bailey doctrine in section 594 cases; 3) Trial counsel was ineffective for failing to assert that Petitioner should have been sentenced as a two strike defendant instead of a three strike defendant; 4) No California statute establishes conspiracy as a separate and independent theory of derivative criminal liability; and 5) There was insufficient evidence to support the jury's finding that Petitioner had inflicted great bodily injury on two of the victims.  (LD 5).  On April 17, 2013, the California Supreme Court denied the petition for review without prejudice to any relief to which Petitioner might be entitled after the California Supreme Court decided People v. Vargas.  (LD 6).  Petitioner has not filed any state habeas petitions.

On June 8, 2014, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the Eastern District of California.  On June 18, 2014, the petition was transferred to this Court.  On September 5, 2014, Petitioner filed a motion to amend the petition to name a proper respondent.  On August 8, 2014, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.  On October 14, 2014, Petitioner filed a response to the Court's order to show cause.  On October 15, 2014, the Court ordered Respondent to file a response to the petition.  On December 3, 2014, Respondent filed a motion to dismiss.  Petitioner has not filed an opposition to the motion to dismiss.

Petitioner raises four claims in the instant federal petition: 1) Ineffective assistance of trial counsel for failing to bring multiple pre-trial motions and failing to conduct an adequate cross-examination of an officer and other witnesses; 2) Ineffective assistance of counsel for failure to object and prosecutorial misconduct for presenting certain evidence, trial court abused

its discretion by entering false documents into evidence, and the prosecutor committed misconduct by entering false documents into evidence; 3) Ineffective assistance of counsel for failure to raise racial profiling by law enforcement in connection with the active participation in a street gang charge and felony vandalism charges; and 4) All issues brought in his state appellate brief. (Pet. at 6-9).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000).

Respondent argues in his motion to dismiss that claims one through three of the federal petition are unexhausted because the claims have not been presented to the California Supreme Court.  Respondent concedes that claim four of the federal petition is exhausted, because Petitioner raised those issues in his petition for review to the California Supreme Court.  Upon a review of the record, the court notes that Petitioner has not filed any state habeas petitions.  Petitioner did file a petition for review in the California Supreme Court, which raised the same issues that he had presented in his appellate brief to the Fifth Appellate District. (LDs 1 & 5).  In Petitioner's fourth claim of the instant petition, he re-raises all of the issues that he raised in his appellate brief, so those issues have been presented to the California Supreme Court.  Therefore,

4

Petitioner's fourth claim is exhausted, and he is able to proceed on any federal Constitutional claims that he brought in his petition for review to the California Supreme Court. However, Petitioner's other claims have not been presented to the California Supreme Court, and therefore, they are unexhausted.

Therefore, the petition contains unexhausted and exhausted claims, and it is a mixed petition. See Rose, 455 U.S. at 520-22. The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Id. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

### III.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED without prejudice.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Findings and Recommendation. If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Findings and Recommendation will be submitted to the District Judge for dismissal of the petition. See Rose, 455 U.S. at 520.

Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will then be submitted to the assigned District Judge for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c) and Rule 304 of the Local Rules

1 of Practice for the United States District Court, Eastern District of California.  The parties are
2 advised that failure to file objections within the specified time may waive the right to appeal the
3 Order of the District Court.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing
4 <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 12, 2015**                          **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE