# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MANCILLA,<br><br>Petitioner,<br><br>v.<br><br>W.L. MUNIZ,<br><br>Respondent. | Case No. 1:14-cv-00935-AWI-GSA (HC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION ISSUED FEBRUARY 13, 2015 THAT HAD RECOMMENDED THE PETITION BE DISMISSED (ECF No. 23) AND DENYING PETITIONER'S MOTION TO WITHDRAW CLAIM 4 (ECF No. 24)<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his 2010 conviction sustained in the Kings County Superior Court for two counts of attempted murder (counts 1&2), three counts of assault with a deadly weapon (counts 3, 4, and 5), one count of burglary (count 6), three counts of felony vandalism (counts 7, 8, and 9), and one count of active participation in a criminal street gang (count 10). (LD[1] 4 at 2). The jury found true special allegations that Petitioner personally inflicted great bodily injury during the commission of counts 1, 2, 4, 5, 6, and 10, and that counts 1 through 9 were committed for the benefit of a criminal street gang. (LD 4 at 2). The jury found true two prior strike allegations. (LD 4 at 2). Petitioner was sentenced to a term of 194 years to life for that

---
[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

1

1 conviction, and he was also sentenced to three years and eight months in a prior case, case no.
2 09CM7180. (LD 4 at 3).

3 Petitioner appealed his decision to the California Court of Appeal Fifth Appellate
4 District. (LD 1). On January 9, 2013, the Fifth Appellate District affirmed the judgment, but
5 modified the sentence for count 2 of case no. 09CM7180. (LD 4 at 3, 23-25).

6 On February 19, 2013, Petitioner filed a petition for review in the California Supreme
7 Court which raised five claims: 1) The number of vandalism violations under Section 594(a) is
8 subject to People v Bailey, 55 Cal.2d 514 (1961) (the Bailey doctrine), and the jury should have
9 been instructed on that rule to determine the correct number of violations; 2) California juries
10 should be instructed on the Bailey doctrine in section 594 cases; 3) Trial counsel was ineffective
11 for failing to assert that Petitioner should have been sentenced as a two strike defendant instead
12 of a three strike defendant; 4) No California statute establishes conspiracy as a separate and
13 independent theory of derivative criminal liability; and 5) There was insufficient evidence to
14 support the jury's finding that Petitioner had inflicted great bodily injury on two of the victims.
15 (LD 5). On April 17, 2013, the California Supreme Court denied the petition for review without
16 prejudice to any relief to which Petitioner might be entitled after the California Supreme Court
17 decided People v. Vargas. (LD 6). Petitioner has not filed any state habeas petitions.

18 On June 8, 2014, Petitioner filed the instant federal petition for writ of habeas corpus in
19 the Sacramento Division of the Eastern District of California. On June 18, 2014, the petition was
20 transferred to this Court. On September 5, 2014, Petitioner filed a motion to amend the petition
21 to name a proper respondent. On August 8, 2014, the Court ordered Petitioner to show cause
22 why the petition should not be dismissed for failure to exhaust state remedies. On October 14,
23 2014, Petitioner filed a response to the Court's order to show cause. On October 15, 2014, the
24 Court ordered Respondent to file a response to the petition. On December 3, 2014, Respondent
25 filed a motion to dismiss. Petitioner has not filed an opposition to the motion to dismiss.

26 Petitioner raises four claims in the instant federal petition: 1) Ineffective assistance of
27 trial counsel for failing to bring multiple pre-trial motions and failing to conduct an adequate
28 cross-examination of an officer and other witnesses; 2) Ineffective assistance of counsel for

failure to object and prosecutorial misconduct for presenting certain evidence, trial court abused its discretion by entering false documents into evidence, and the prosecutor committed misconduct by entering false documents into evidence; 3) Ineffective assistance of counsel for failure to raise racial profiling by law enforcement in connection with the active participation in a street gang charge and felony vandalism charges; and 4) All issues brought in his state appellate brief. (Pet. at 6-9).

On December 3, 2014, Respondent filed a motion to dismiss the petition because the petition is a mixed petition. (ECF No. 21). On February 13, 2015, the undersigned issued a Findings and Recommendation that recommended that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed without prejudice. (ECF No. 23). In the Findings and Recommendation, Petitioner was given the option of moving to withdraw the unexhausted claims within thirty (30) days of the date of service of this Findings and Recommendation. On February 25, 2015, Petitioner submitted a motion to withdraw the unexhausted claims, but it was unsigned by Petitioner. (ECF No. 24). On March 3, 2015, the undersigned issued an order directing Petitioner to file a statement that he submitted the motion to withdraw the unexhausted claims and sign it under penalty of perjury. (ECF No. 25). On March 17, 2015, Petitioner filed a statement that was signed under penalty of perjury that he had filed the motion to withdraw the unexhausted claims. (ECF No. 26).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v.

4

> Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000).

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition, and return to federal court only when he has finally exhausted his state court remedies. [2]

In the Findings and Recommendation issued on February 13, 2015, the undersigned determined that the petition is a mixed petition because it contains unexhausted and exhausted claims. (ECF No. 23 at 5). Specifically, the undersigned found that:

> Petitioner's fourth claim is exhausted, and he is able to proceed on any federal Constitutional claims that he brought in his petition for review to the California Supreme Court. However, Petitioner's other claims have not been presented to the California Supreme Court, and therefore, they are unexhausted.

(ECF No. 23 at 5).

The Court gave Petitioner the option to withdraw the unexhausted claims within thirty (30) days of the date of service of the Findings and Recommendation. (ECF No. 23 at 5). On February 25, 2015, Petitioner filed a motion to withdraw the unexhausted claims, and on March

---

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

17, 2015, Petitioner filed a statement signed under penalty of perjury that he had in fact filed the motion to withdraw the unexhausted claims. (ECF Nos. 24 and 26). Petitioner states in his motion to withdraw the unexhausted claims that, "claim 4 is to be withdrawn from this habeas corpus upon dated received as this so is in compliance to 28 U.S.C. 2254(b)(1) just as the Magistrate requested." (ECF No. 24 at 2). Petitioner also stated that he claims 1 through 3 were federalized and he wanted to proceed on those claims. (ECF No. 24 at 1).

However, the Court had informed Petitioner in the Findings and Recommendation that the fourth claim in the petition was exhausted and the other claims were unexhausted. If the Court were to grant Petitioner's motion to withdraw claim 4, the petition would contain only unexhausted claims and it would have to be dismissed. Therefore, the Court will deny Petitioner's motion to withdraw claim 4.

It appears that Petitioner is confused as to which claims are exhausted. Therefore, in the interests of justice, the Court will give Petitioner another opportunity to withdraw the unexhausted claims, claims 1 through 3, and proceed on the exhausted claim, claim 4. Petitioner may proceed at this time on the exhausted claims in his petition as an alternative to dismissal.

The Court will vacate the Findings and Recommendation issued on February 13, 2015. Petitioner must show cause within thirty days why the petition should not be dismissed for failure to exhaust state court remedies. If Petitioner wishes to proceed on claim 4 at this time, he may withdraw the other claims and proceed only on claim 4. Once again, the Court reiterates that it finds that **claims 1 through 3 are unexhausted and that claim 4 is exhausted.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) The Findings and Recommendation issued on February 13, 2015 (ECF No. 23) is VACATED;

2) Petitioner's motion to withdraw claim 4 is DENIED; and

3) Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for failure to exhaust state remedies. Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Order.

IT IS SO ORDERED.

Dated:  **April 6, 2015**                **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE