UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MANCILLA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MUNIZ,<br><br>    Respondent. | Case No. 1:14-cv-00935-AWI-GSA (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S MOTION TO WITHDRAW CLAIMS 1, 2, AND 3 (ECF No. 28), DENY MOTION TO DISMISS AS MOOT (ECF No. 21), AND DISCHARGE ORDER TO SHOW CAUSE (ECF No. 27) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his 2010 conviction sustained in the Kings County Superior Court. Petitioner was sentenced to a term of 194 years to life for that conviction, and he was also sentenced to three years and eight months in a prior case, case no. 09CM7180. (LD 4 at 3). Petitioner raises four claims in the instant federal petition: 1) Ineffective assistance of trial counsel for failing to bring multiple pre-trial motions and failing to conduct an adequate cross-examination of an officer and other witnesses; 2) Ineffective assistance of counsel for failure to object and prosecutorial misconduct for presenting certain evidence, trial court abused its discretion by entering false documents into evidence, and the prosecutor committed misconduct by entering false documents into evidence; 3) Ineffective assistance of counsel for failure to raise racial profiling by law enforcement in connection with the active participation in a street gang

1

charge and felony vandalism charges; and 4) All issues brought in his state appellate brief. (Pet. at 6-9).

Petitioner appealed his conviction to the California Court of Appeal Fifth Appellate District. (LD 1). On January 9, 2013, the Fifth Appellate District affirmed the judgment, but modified the sentence for count 2 of case no. 09CM7180. (LD 4 at 3, 23-25).

On February 19, 2013, Petitioner filed a petition for review in the California Supreme Court which raised five claims: 1) The number of vandalism violations under Section 594(a) is subject to People v Bailey, 55 Cal.2d 514 (1961) (the Bailey doctrine), and the jury should have been instructed on that rule to determine the correct number of violations; 2) California juries should be instructed on the Bailey doctrine in section 594 cases; 3) Trial counsel was ineffective for failing to assert that Petitioner should have been sentenced as a two strike defendant instead of a three strike defendant; 4) No California statute establishes conspiracy as a separate and independent theory of derivative criminal liability; and 5) There was insufficient evidence to support the jury's finding that Petitioner had inflicted great bodily injury on two of the victims. (LD 5). On April 17, 2013, the California Supreme Court denied the petition for review without prejudice to any relief to which Petitioner might be entitled after the California Supreme Court decided People v. Vargas. (LD 6). Petitioner has not filed any state habeas petitions.

On June 8, 2014, Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the Eastern District of California. On June 18, 2014, the petition was transferred to this Court. On September 5, 2014, Petitioner filed a motion to amend the petition to name a proper respondent. On August 8, 2014, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. On October 14, 2014, Petitioner filed a response to the Court's order to show cause. On October 15, 2014, the Court ordered Respondent to file a response to the petition.

On December 3, 2014, Respondent filed a motion to dismiss the petition because the petition is a mixed petition. (ECF No. 21). On February 13, 2015, the undersigned issued a Findings and Recommendation that recommended that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed without prejudice, but gave

Petitioner the option of withdrawing the unexhausted claims. (ECF No. 23). On February 25, 2015, Petitioner submitted a motion to withdraw the unexhausted claims, but it was unsigned by Petitioner. (ECF No. 24). On March 3, 2015, the undersigned issued an order directing Petitioner to file a statement that he submitted the motion to withdraw the unexhausted claims and sign it under penalty of perjury. (ECF No. 25). On March 17, 2015, Petitioner filed a statement that was signed under penalty of perjury that he had filed the motion to withdraw the unexhausted claims. (ECF No. 26). On April 6, 2015, the Court issued an order vacating the February 13, 2015, Findings and Recommendation, denying Petitioner's motion to withdraw claim 4, and ordering Petitioner to show cause why the petition should not be dismissed for being a mixed petition. (ECF No. 27). On April 17, 2015, Petitioner filed a motion to withdraw claims 1, 2, and 3. (ECF No. 28). Respondent did not file a response.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted

claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

In the Findings and Recommendation issued on February 13, 2015, the undersigned found that the petition is a mixed petition because it contains unexhausted and exhausted claims, and that the fourth claim is the only claim that is exhausted. (ECF No. 23 at 5). On April 6, 2015, the Court vacated the February 13, 2015, Findings and Recommendation, and in the interests of justice, gave Petitioner another opportunity to withdraw the unexhausted claims, claims 1 through 3, and proceed on the exhausted claim, claim 4. (ECF No. 27). The Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 27).

On April 17, 2015, Petitioner submitted a motion to withdraw claims 1 through 3 from the petition, and proceed on claim 4. (ECF No. 28). As Petitioner has requested to withdraw all of his unexhausted claims and proceed on the exhausted claim, unexhausted claims 1 through 3 should be deleted from the petition. See Cambra, 236 F.3d at 574. Respondent's motion to dismiss the mixed federal petition is moot upon withdrawal of the unexhausted claims.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's motion to withdraw claims 1, 2, and 3 be GRANTED;

2) Claims 1, 2, and 3 be DELTED from the petition;

3) The Court's April 6, 2015, order to show cause be DISCHARGED; and

4) Respondent's motion to dismiss be DENIED AS MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document

4

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2015**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE